# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EDWARD SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>R. CHAPNICK, et al.,<br><br>Defendants. | Case No. 1:13-cv-00190-LJO-DLB PC<br><br>**ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN**<br><br>(ECF No. 14)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## I.  Background

Plaintiff George Edward Summers ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.   On May 16, 2012, Plaintiff filed this action in the Northern District of California. (ECF No. 1.) On November 13, 2013, Plaintiff filed his original complaint, which is presently before the Court for screening. (ECF No. 14.)  On February 7, 2013, this case was transferred to this Court in the Eastern District of California.  (ECF No. 15.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint[1]

Plaintiff was incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names R. Chapnick (Chief Medical Officer), M. Boparai, M.D. (Chief Physician Surgeon), J. Biol, M.D. (Attending Physician), N. Siegrist (Nurse Practitioner), and various Does as defendants in this action.

Plaintiff alleges the following. In early 2011, Plaintiff had some health problems and was sent for routine x-rays on April 29, 2011. The results showed "right quadrant ultrasound: indicated in mid-right side of liver a mass that appeared well circumscribed, but has some mixed echoes and is avascular, measured 4.8x4.2 cm." This report was sent to ASP and prison staff received it on May 2, 2011. However, Plaintiff's attending physician, Defendant Biol,[2] did not review the report until May 11, 2011. On May 31, 2011, Defendant Chapnick ordered a CT-scan for Plaintiff. The report stated that the liver contours are nodular suggestive of cirrhosis and there were several heterogeneous masses within the liver, which was suggestive of hemangioma. The report also showed several lesions suggesting hemangioma. A MRI utilizing hemangioma protocol or nuclear medicine was suggested for further evaluation.

In December 2011, Plaintiff saw Dr. Ganpule a cancer specialist. Dr. Ganpule ordered surgery to remove the masses in his body and informed him that he had hepatocellular carcinoma, form of liver cancer. He told Plaintiff that unless he had the surgery as soon as possible, the masses would become too large to remove and would result in death. On January 17, 2012, Plaintiff submitted an inmate appeal to obtain this treatment because he had waited over thirty day with no

---

[1] Plaintiff's Complaint is filled with unfamiliar medical terminology and various illegible words. The Court uses its best judgment in summarizing the Complaint.

[2] J. Sampang was Defendant Biol's name during this time and prior to her marriage.

response. The first level response was partially granted because a request for oncology was approved by pending scheduling. On March 3, 2012, Plaintiff submitted the second level of appeal because he was displeased with Defendant Biol's finding in regards to the CT-Scan. The second level of appeal was partially granted. The reviewer explained that Defendant Bio's findings clearly documented that there is no conclusive evidence of hepatocellular carcinoma and also no evidence of metastatic disease. Plaintiff was placed on the medication Nexavor for systematic therapy for his hepatocellular carcinoma.

Plaintiff submitted a third level of review because the second level failed to note the surgical pathology report specifically indicating his cancer. Plaintiff also noted the delay in his treatment. The third level of appeal was denied. During the appeals time period and prior to August 2012, no medical staff listed Plaintiff's condition as urgent. Medical staff's failure to list his condition as urgent caused a serious delay in his needed treatment.

Plaintiff contends a violation of the Eighth Amendment for deliberate indifference to a serious medical need. Plaintiff requests injunctive relieve for medical treatment and compensatory and punitive damages as relief.

**III.  Analysis**

    **A.  Eighth Amendment—Deliberate Indifference**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, the Court finds that Plaintiff states a cognizable claim for relief against Defendants J. Biol and N. Siegrist for deliberate indifference to a serious medical need, in violation of the Eighth Amendment. Defendant Biol performed tests on Plaintiff and was aware of his hepatocellular carcinoma, but failed to treat Plaintiff. Defendant Siegrist had frequent contact with Plaintiff and was aware of his serious medical condition, but failed to provide Plaintiff with treatment and develop a medical plan. Defendant Siegrist's classification of Plaintiff's medical needs as "routine" caused serious delay for his treatment. Accordingly, Plaintiff states a claim against Defendants Biol and Siegrist for deliberate indifference, in violation of the Eighth Amendment.

**B.     Supervisory Liability**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934, and as administrators, Defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the

policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Defendants Chapnick and Boparai were not personally involved with any of the incidents Plaintiff alleges. Plaintiff has failed to allege that these defendants participated, directed, or knew of the violations and failed to act to prevent them. Plaintiff also fails to allege of any unconstitutional CDCR policy that was the moving force behind his constitutional violations. Accordingly, Plaintiff has not stated any claims against Defendants Chapnick and Boparai.

### IV.     Conclusion and Order

Plaintiff's Complaint states a cognizable claim against Defendant Biol and Siegrist for deliberate indifference to a serious medical need, in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims against Defendants Biol and Siegrist, Plaintiff may so notify the Court in writing, and the Court will issue an order for dismissal of the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 form for completion and return.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565,

567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Biol and Siegrist for deliberate indifference to a serious medical need, in violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE