# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EDWARD SUMMERS,<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>R. CHAPNICK, et al.,<br><br>　　　　　Defendants. | CASE No. 1:13-cv-00190-LJO-DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER REQUIRNG PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 28)<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff George Edward Summers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on May 16, 2012 in the Northern District of California. (ECF No. 1.)  On February 6, 2013, the case was transferred to the Eastern District of California. (ECF No. 15.) On October 18, 2013, the Court issued a screening order requiring Plaintiff to file an amended complaint or notify the Court of willingness to proceed on claims identified. (ECF No. 27.)  On November 6, 2013, Plaintiff filed a motion for reconsideration on the Court's screening order. (ECF No. 28.)

　　　　Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must

1  demonstrate both injury and circumstances beyond his control . . . ." *Id.* Local Rule 230(j) requires
2  Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not
3  exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A
4  motion for reconsideration should not be granted, absent highly unusual circumstances, unless the
5  district court is presented with newly discovered evidence, committed clear error, or if there is an
6  intervening change in the controlling law," and it "may *not* be used to raise arguments or present
7  evidence for the first time when they could reasonably have been raised earlier in the litigation."
8  *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009)
9  (emphasis in original).

10      Plaintiff does not present newly discovered evidence, clear error, or an intervening change
11  in the law. The Court previously provided Plaintiff with the appropriate legal standards for his
12  claims and granted leave to amend the complaint. Plaintiff's motion for reconsideration addresses
13  only the actions of Defendants Chapnick and Boparai and not Defendants Biol and Siegrist. A
14  complaint must be "complete in itself without reference to the prior or superseded pleading,"
15  Local Rule 220. Thus, the Court will not addresss Plaintiff's additional allegations in his motion
16  for reconsideration, and instead, Plaintiff must file an amended complaint if he wishes to pursue
17  claims against Defendants Chapnick and Boparai.

18      Accordingly, IT IS HEREBY ORDERED that:
19      1.    Plaintiff's motion for reconsideration is hereby DENIED;
20      2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;
21      3.    Within thirty (30) days from the date of service of this order, Plaintiff must either:
22          a.    File an amended complaint curing the deficiencies identified by the Court in
23          this order, or
24          b.    Notify the Court in writing that he does not wish to file an amended
25          complaint and wishes to proceed only against Defendants Biol and Siegrist
26          for deliberate indifference to a serious medical need, in violation of the
27          Eighth Amendment; and
28  ///

1       4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 21, 2013**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE

3